Filed 10/3/13  In re S.H. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>S.H.,<br><br>Defendant and Appellant. | F067004<br><br>(Super. Ct. No. JL004137)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  David W. Moranda, Judge.

J. Wilder Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Detjen, J., and Peña, J.

The court adjudged appellant, S.H., a ward of the court (Welf. & Inst. Code, § 602)[1] after it found true allegations charging appellant with one count of committing lewd and lascivious conduct with a child under the age of 14 (Pen. Code, § 288, subd. (a)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In January 2010, while visiting his legal guardian's relatives in Orange County, appellant put his hand down the pants of a five-year-old girl and felt her genital area.

On August 27, 2010, the Orange County District Attorney filed a petition charging appellant with one count of lewd and lascivious conduct with a child under the age of 14.

On September 10, 2010, the district attorney filed a notice that appellant was eligible for deferred entry of judgment (DEJ/§ 790). On November 8, 2010, the probation department filed a report with the court recommending that appellant be found unsuitable for DEJ and that the case be transferred to Merced County for disposition because appellant and his family lived there.

On November 15, 2010, the Orange County Juvenile Court found appellant unsuitable for DEJ because he lived out of the county and it transferred the case to Merced County.

On September 27, 2011, following a contested jurisdictional hearing, the court sustained the lewd and lascivious conduct charge.

On November 17, 2011, the Merced County Juvenile Court adjudged appellant a ward of the court and committed him to the Bear Creek Academy.

On December 8, 2011, appellant filed a timely appeal.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

On February 21, 2012, appellant admitted a charge of vandalism (Pen. Code, § 594(b)(2)(A)) and allegations that he violated his probation (§ 777) that were contained in a subsequent petition.

In an unpublished opinion filed on December 5, 2012, this court found that the Orange County Juvenile Court improperly used appellant's county of residence as a factor to determine that he was not suitable for DEJ. We also set aside the jurisdictional and dispositional orders and remanded the case to the juvenile court to determine whether appellant is suitable for DEJ and for the court to issue appropriate orders depending on its determination. (*People v. S.H.* (Dec. 5, 2012, F064014) [nonpub. opn.].)

On February 21, 2013, the probation department filed a report recommending against a grant of DEJ based on several factors including: appellant's mental health issues which required that he receive specialized counseling in a more structured setting and a level of treatment that exceed what could be provided through a grant of DEJ; the inability of appellant's guardians to properly deal with appellant's mental health issues; the guardians' minimization of appellant's culpability for the assault on the victim; and the circumstances of appellant's offense.

On February 26, 2013, the court granted appellant's *Marsden*[2] motion and appointed substitute counsel in place of the public defender.

At a hearing on March 19, 2013, the court cited appellant's history of mental health issues since he was seven years old and the inability of his guardians to deal with these issues in finding appellant unsuitable for DEJ. Additionally, at this hearing appellant admitted violating his probation by leaving his placement without permission.

On March 26, 2013, appellant filed an appeal challenging the court's finding that he was not suitable for DEJ.

---

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.

4